BRETT A. SHUMATE
Assistant Attorney General
Civil Division
MICHAEL VELCHIK, DC #187249
Senior Counsel to the Assistant
Attorney General
Michael.Velchik@usdoj.gov
SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
SUZANNE MILES, CABN #242048
Assistant United States Attorney
Suzanne.Miles@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon  97204-2936
Telephone:     (503) 727-1075
Attorneys for Defendants

THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHLOE LONGWORTH; ANNA LARDNER, <br><br>                Plaintiffs, <br><br>   v. <br><br> DONALD J. TRUMP, President of the United States, in his official capacity; KRISTI NOEM, Secretary U.S. Department of Homeland Security ("DHS"), in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br>                Defendants. | Case No.: 6:25-cv-02268-AA <br><br> DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE EX PARTE TEMPORARY RESTRAINING ORDER |

Defendants respectfully oppose Plaintiffs' motion to extend this Court's ex parte temporary restraining order.   For the reasons described in Defendants' response to the motion for a preliminary injunction, Plaintiffs are not entitled to any injunctive relief because they are unlikely

1

to succeed on the merits, cannot show irreparable harm, and the public interest and balance of the equities weigh against issuing such extraordinary relief. ECF No. 30. Defendants' brief also explains how recent events at the Federal Building in Eugene, Oregon, including a break-in and riot, during the pendency of this motion, underscore the public interest in dissolving the current injunction. ECF No. 30 at 24. While Defendants will make themselves available for a hearing on this motion at any time, Defendants cannot consent to a further extension of an ex parte order under these circumstances. Nor do Plaintiffs have good cause.

On January 21, 2026, Plaintiffs and Defendants jointly agreed on a briefing schedule setting a "hearing on the preliminary injunction motion for a date during the week of February 17, 2026." ECF No. 24 at 3. Later that day, the Court set a hearing for "10:00AM in Eugene by telephone" on February 20, 2026, and "extend[ed] the TRO through" February 20, 2026. ECF No. 25 (minute order). On January 27, counsel for Plaintiffs reached out to request resetting the argument date because of scheduled personal travel by one of Plaintiffs' attorneys.

As counsel for Defendants flagged, the hearing was set by telephone. Defendants stated their position on the motion as follows:

> Counsel for defendants can make themselves available for a hearing at any time. Defendants do not oppose any motion to reschedule the hearing for any time before 2/20. Defendants oppose any further extension of the Court's ex parte TRO past 2/20, but defendants would not oppose rescheduling the hearing to a later date, if the TRO is allowed to expire on 2/20 as currently scheduled per the Court's order dated 1/21/2026. See ECF 25.

*See* ECF No. 28 at 1.

Defendants respectfully submit that this does not justify extending the ex parte temporary restraining order. While Defendants' appreciate counsel's conflict, holding the hearing by telephone provides counsel the flexibility to attend the hearing from any location without having

2

to cancel pre-booked travel. ECF No. 25. Alternatively, Plaintiffs' are represented by two attorneys, one of whom has no reported conflict.

If the Court grants Plaintiffs' request to reset the hearing to a later date, Defendants ask that the TRO be suspended. Given the strength of the merits supporting the constitutionality of the challenged regulation and the fact that this regulation offers a potentially useful tool in deescalating the current protest activity at the federal building, there are strong governmental and community interests weighing against extending the current restraining order.

Alternatively, Defendants would agree to moving the hearing date up to any time before February 20—which would not require any extension of the injunction and accommodate any direct conflict at the originally set time.

For these reasons, Defendants respectfully oppose Plaintiffs' opposed motion to extend the ex parte temporary restraining order.

Respectfully submitted on this 4th day of February, 2026.

<div style="margin-left:50%">

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

*/s/ Michael Velchik*
MICHAEL VELCHIK
Senior Counsel to the Assistant
Attorney General

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ Suzanne Miles*
SUZANNE MILES
Assistant United States Attorney

Attorneys for Defendants

</div>