Marianne Dugan, OSB # 932563
Email: mdugan@cldc.org
Lauren Regan, OSB # 970878
Email: lregan@cldc.org
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette Street Ste 301 # 359
Eugene, OR 97401
Telephone: 541-687-9180

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| CHLOE LONGWORTH and ANNA LARDNER, | No. 6:25-cv-2268-AA |
| Plaintiffs, | |
| v. | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS |
| DONALD J. TRUMP, President of the United States, in his official capacity; KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS), in her official capacity; and U.S. DEPARTMENT OF HOMELAND SECURITY, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

Plaintiffs submit this response to Defendants' Motion to Dismiss. Plaintiffs incorporate by reference their previous briefing regarding their likelihood of success on the merits, in their injunction briefing (Dkt 8, 34).[1]

## I. PLAINTIFFS HAVE NOT SOUGHT CLASS ACTION CERTIFICATION; BUT INVALIDATING THE REGULATION IS AN APPROPRIATE REMEDY

It is important to note that the scope and nature of the *remedy* is not yet at issue, until the Court addresses the merits of this lawsuit.

Defendants are correct in stating the Local Rules require the complaint to include "CLASS

---

[1] Plaintiffs note that, in their response to Plaintiffs' motion for injunctive relief, Defendants conceded that Plaintiffs have standing; and that the regulations are being applied in a traditional public forum (Dkt 30 at 17).

Page 1 –  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

ACTION ALLEGATION" for any document "proposing or seeking to maintain a class action." LR 23-1, 23-2. However, this has no bearing on Plaintiffs' ability to seek relief for those similarly situated. Plaintiffs have not sought class action certification, and there are therefore no grounds to dismiss such claims that have not been raised.

In the context of an APA challenge, "'when a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated -- not that their application to the individual petitioners is proscribed.'" *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018), *rev'd in part, vacated in part sub nom. Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020) (quoting *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)). Justice Blackmun, writing in dissent but apparently expressing the view of all nine Justices on this question, explained:

> The Administrative Procedure Act permits suit to be brought by any person "adversely affected or aggrieved by agency action." In some cases the "agency action" will consist of a rule of broad applicability; and if the plaintiff prevails, the result is that the rule is invalidated, not simply that the court forbids its application to a particular individual. Under these circumstances a single plaintiff, so long as he is injured by the rule, may obtain "programmatic" relief that affects the rights of parties not before the court. On the other hand, if a generally lawful policy is applied in an illegal manner on a particular occasion, one who is injured is not thereby entitled to challenge other applications of the rule.

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 913, 110 S. Ct. 3177 (1990) (Blackmun, J., dissenting).

Although the Supreme Court last year dealt a blow to the concept of nationwide injunctions, that was not in the context of regulations that are facially unconstitutional. The Supreme Court went on to note that: "Nothing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action. See 5 U.S.C. § 706(2) (authorizing courts to 'hold unlawful and set aside agency action')." *Trump v. CASA, Inc.*, 606 U.S. 831, 847 n. 10, 145 S. Ct. 2540, 2554 n. 10 (2025). *See also id.*, 606 U.S. at 869, 145 S. Ct. at 2567 ("in cases under the Administrative Procedure Act, plaintiffs may ask a court to preliminarily 'set aside' a new agency rule. 5 U.S.C. § 706(2)") (J. Cavanaugh, concurring).

Plaintiffs have raised, in detail, *facial constitutional* challenges to the 2025 "unusual or loud" noise regulation – under the APA -- for 1) vagueness; 2) overbreadth; and 3) unreasonable time place and manner regulation of speech. All of those challenges require this Court to assess how this new regulation may affect people who are not parties to this lawsuit. *NAACP v. Button,* 371 U.S. 415, 432-33 (1963). Therefore, although this case is not presented in a class action stance, the Court may – and indeed, must – enjoin implementation of this facially unconstitutional new regulation.

A plaintiff-by-plaintiff approach to enjoining an unconstitutional regulation would eviscerate the protections provided by the First Amendment, which bars regulations that not only harm those bold enough to keep protesting and filing lawsuits, but also those who are likely to be chilled by unconstitutional laws. As the Ninth Circuit held in *Mendocino Environmental Center v. Mendocino County*, the proper First Amendment inquiry asks "whether an official's acts would chill or silence a person of *ordinary firmness* from future First Amendment activities." 192 F.3d 1283, 1300 (9th Cir. 1999) (emph. added). Because "it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity," the plaintiff does not have to demonstrate that their speech was "actually inhibited or suppressed." *Id*. *See also Rhodes v. Robinson*, 408 F.3d 559, 568-69 (9th Cir. 2005) (same).

Plaintiffs are not attempting to certify a class action. Rather, they request an injunction narrowly tailored to prohibit Defendants' enforcement of a very specific facially unconstitutional regulation. There are no grounds to *dismiss* Plaintiffs' claims because of some concern about the scope of *relief*. Once the appropriate time comes for this Court to frame permanent relief, there is "no general requirement that an injunction affect only the parties in the suit." *Bresgal v. Brock*, 843 F.2d 1163, 1169-71 (9th Cir. 1987). An injunction is not impermissibly overbroad merely because it extends protection to persons other than the named plaintiffs when such breadth is necessary to afford complete relief. *Id.* Courts can and should enjoin unlawful conduct as to plaintiffs and others

*similarly situated* where doing so would prevent ongoing harm and ensure that the government defendants' practices do not continue to violate the law in the same manner. *Id.*

"[T]he scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). This is even more clearly before the Court in the context of a *facially unconstitutional* regulation than in almost any other situation.

## II. DISMISSAL STANDARD

On a motion to dismiss, the court is required to "assume the truth of respondents' factual allegations." *Hui v. Castaneda*, 130 S. Ct. 1845, 1849 n. 1 (2010). Under the liberal Federal notice pleading approach, a motion to dismiss for failure to state a claim may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

As the Supreme Court held in 2011 in a unanimous opinion, the liberal pleading rules in federal court survive *Iqbal* and *Twombly*, and a federal complaint withstands a motion to dismiss where allegations "suffice to 'raise a reasonable expectation that discovery will reveal evidence' satisfying the materiality requirement, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and to 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' *Ashcroft v. Iqbal*, 556 U.S. 662." *Matrixx Initiatives, Inc., et al. v. Siracusano*, 563 U.S. 27, 131 S. Ct. 1309 (2011). To survive a motion to dismiss, respondents need only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007).

Notice pleading remains the rule in federal courts, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (post-*Twombly* case). As the Supreme Court

Page 4 –  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

stated in *Erickson*:

> Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*

127 S. Ct. at 2200.

While a plaintiff's claim to relief must be supported by sufficient factual allegations to be "plausible" under *Twombly*, nothing requires a plaintiff to prove his case in the pleadings. 550 U.S. at 555. Plausibility, as the Supreme Court's elaboration in *Iqbal* makes clear, is a highly contextual enterprise -- dependent on the particular claims asserted, their elements, and the overall factual picture alleged in the complaint. 129 S. Ct. 1937 (2009). The Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *United States v. Hougham*, 364 U.S. 310, 317, 81 S. Ct. 13 (1960)). Courts should construe pleadings liberally so as to do "substantial justice." Fed. R. Civ. Proc. 8(f); *Erickson,* 127 S. Ct. at 2200. "In evaluating a complaint, any doubts should be construed in favor of the pleader." *Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir. 1980).

Plaintiffs' complaint contains sufficient detail to "state a claim to relief that is plausible on its face." *Twombly*, 550 U. S. at 570 (2007).

### III.    THE NEW REGULATIONS

As Defendants acknowledged in their response to the Motion for Injunction (at Dkt 30 at 2), the prior regulations – which previously were applied to implement the relevant statute (40 U.S.C. 1315) – were limited to conduct on federal property. The "emergency" finalization of the 2025 regulations was accompanied by grandiose statements of the severe need for additional regulation and restriction of "violent" protest outside of federal buildings, including behavior off of federal

property. https://www.dhs.gov/news/2025/11/05/dhs-announces-advanced-charging-authority-address-rioter-violence-federal-buildings; https://www.federalregister.gov/documents/2025/06/09/2025-10223/protection-of-federal-property. The arrest of Plaintiff Longworth, and threatened arrest of both Plaintiffs, occurred only after the new regulations went into effect.

Although the pre-existing, enabling *statute* allows for regulation on non-federal property, such enforcement was limited to activities "outside the property to the extent necessary to *protect* the property and persons on the property." 40 U.S.C. 1315(b)(1) (emphasis added). In contrast, the new regulation criminalizes behavior that "*affects*, threatens, or endangers Federal property or persons on the Federal property." 6 C.F.R. 139.35 (emph. added). This renders the regulatory scheme unconstitutionally vague, overbroad, and a tool for random censorship and enforcement at the whim of the federal agents. Plaintiffs allege that the new regulation, by its plain language, for the first time criminalizes speech that merely "affects" the federal property or persons on the property. 6 C.F.R. 139.35(c).

## IV.     PLAINTIFFS PLAUSIBLY STATE A CLAIM THAT THE NEW REGULATIONS ARE UNCONSTITUTIONAL

The APA requires this Court to hold unlawful and set aside any agency action, finding, or conclusion that is, in relevant part:

(A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B)  contrary to constitutional right, power, privilege, or immunity;

(C)  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

5 U.S.C. § 706(2). The complaint in this case invokes all three of these provisions. Dkt 1 para. 39-40.

The Supreme Court has noted that a plaintiff may raise a *constitutional* APA challenge to agency action, even where the plaintiff lacks an APA avenue to argue that the same agency action is

invalid for statutory or procedural reasons. *Webster v. Doe*, 486 U.S. 592, 602-04, 108 S. Ct. 2047 (1988).

Under the APA, it "remains the responsibility of the court to decide whether the law means what the agency says." *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2261 (2024) (citing *Perez v. Mortgage Bankers Assn*., 575 U.S. 92, 109, (2015) (Scalia, J., concurring in judgment).

"'[I]n the construction of administrative regulations . . . it is presumed that every phrase serves a legitimate purpose and, therefore, constructions which render regulatory provisions superfluous are to be avoided.'" *Rainsong Co. v. Fed. Energy Regulatory Comm'n*, 151 F.3d 1231, 1234 (9th Cir. 1998) (quoting *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir. 1976)). Therefore, in determining whether the new statute is unconstitutional, the Court must consider the addition of the word "affects," which is not found in the authorizing statute.

V.     **PLAINTIFFS PLAUSIBLY ALLEGE THAT THE NEW REGULATION, ON ITS FACE, VIOLATES THE CONSTITUTION**

    A.     **Plaintiffs Plausibly Allege that the Regulations Fail the Fifth Amendment Vagueness Test**

Regardless of whether a law targets speech specifically, a law is unconstitutionally vague, under the Fifth Amendment (or Fourteenth Amendment, when addressing a state or local law), if it "fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). To avoid being unconstitutionally vague a law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). *See Musser v. Utah*, 333 U.S. 95, 97 (1948) ("Legislation may run afoul of the Due Process Clause because it fails to give adequate guidance to those who would be law-abiding, to advise defendants of the nature of the offense with which they are charged, or to guide courts in trying those who are accused.")

> The objectionable quality of vagueness and overbreadth does not depend upon absence of fair notice to a criminally accused or upon unchanneled delegation of legislative powers, but upon the danger of tolerating, in the area of First Amendment freedoms, the existence of a penal statute susceptible of sweeping and improper application.

*NAACP v. Button*, 371 U.S. 415, 432-33 (1963).

Plaintiffs plausibly alleged that, by adding the word "affects," the new regulations are so vague that they do not "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."

> **B.     Plaintiffs Plausibly Alleged that the Regulations Do Not Satisfy the First Amendment Overbreadth Test**

Separate from the Fifth Amendment, under the First Amendment "a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473, 130 S. Ct. 1577, 1587 (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)). The Constitution protects against overbroad laws which "chill speech within the First Amendment's vast and privileged sphere." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). The overbreadth doctrine allows a person to challenge a statute "not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Okla.,* 413 U.S. 601, 612 (1973). A law is overbroad and "unconstitutional on its face if it prohibits a substantial amount of protected expression." *Ashcroft,* 535 U.S. at 244.

Here, the prohibition against "unusual noise" on or near federal buildings violates the overbreadth standard, because a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep. Given the historic ongoing and traditional presence of vocal protests outside of the downtown federal building where ICE and other federal agency

offices are located, to prohibit "unusual noise" has an overbroad sweep -- particularly when expanded to areas adjacent to federal property like public sidewalks and streets.

      C.      **Plaintiffs Plausibly Alleged that the Regulations Are Not Reasonable Time, Place, And Manner Restrictions**

Where a law restricts speech in a traditional public forum, such as a sidewalk or plaza, it can be challenged, even where the restriction is content neutral. The protections afforded by the First Amendment are nowhere stronger than in streets, plazas, and parks, all categorized for First Amendment purposes as traditional public fora. *Berger v. City of Seattle*, 569 F.3d 1029, 1035-36 (9th Cir. 2009); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45, 103 S. Ct. 948 (1983); *Long Beach Area Peace Network v. City of Long Beach,* 522 F.3d 1010, 1021 (9th Cir. 2008). The government's ability to regulate speech in a traditional public forum is "sharply circumscribed." *Perry Educ. Ass'n*, 460 U.S. at 45; *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018).

Even if they are "reasonable" and "content-neutral," time, place, or manner restrictions are subject to an "intermediate level of scrutiny." *Jacobson v. U.S. Dep't of Homeland Sec.*, 882 F.3d 878, 882 (9th Cir. 2018) (quoting *Int'l Soc'y for Krishna Consciousness of Cal., Inc. v. City of L.A.*, 764 F.3d 1044, 1049 (9th Cir. 2014)).

Intermediate scrutiny means the rule "must not burden substantially more speech than is necessary to further the government's legitimate interests"; and "may not regulate expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals." *McCullen v. Coakley,* 573 U.S. 464, 477 (2014) (internal quotations omitted).

Time, place, and manner restrictions are permitted in public fora only if they are narrowly tailored to serve a significant governmental interest, leave open ample alternative channels for communication of the information, and do not delegate overly broad licensing discretion to a government official. *Askins*, 899 F.3d at 1044 (citing *Long Beach Area Peace Network*, 574 F.3d at

1023-24). *See also Nunez v. City of San Diego,* 114 F.3d 935, 951 (1997); *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293, 104 S. Ct. 3065 (1984); *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 130, 112 S. Ct. 2395 (1992). "[A]n ordinance which . . . makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official . . . is an unconstitutional censorship or prior restraint." *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 151, 89 S. Ct. 935 (1969) (quoting *Staub v. City of Baxley*, 355 U.S. 313, 322, 78 S. Ct. 277 (1958)).

On the issue of "significant government interest," the burden is on the government. "The First Amendment demands that municipalities provide 'tangible evidence' that speech-restrictive regulations are 'necessary' to advance the proffered interest in public safety." *Edwards v. City of Coeur d'Alene*, 262 F.3d 856, 863 (9th Cir. 2001).

Plaintiffs plausibly alleged that the regulations at issue here fail the "time, place, and manner" test, because they are not narrowly tailored to serve a significant governmental interest; they do not leave open ample alternative channels for communication of the information; and they delegate overly broad enforcement discretion to the DHS officials. Defendants cannot meet their burden of showing that the regulations satisfy these tests.

## V.     PLAINTIFFS SEEK LEAVE TO REPLEAD IF NECESSARY

If the court finds that Plaintiffs have insufficiently pled their claims, Plaintiffs request leave to amend their complaint, pursuant to Fed. R. Civ. Proc. 15(a). That rule requires that leave to amend should be "freely given" in the absence of reasons such as bad faith, undue delay, dilative motive by moving party, and undue prejudice. *People v. Equifax Information Serv. LLC*, 615 F.3d 1217, 1232 (9th Cir. 2010). It is an abuse of discretion to deny leave to amend in the absence of any of the above reasons. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

xw

**CONCLUSION**

Plaintiffs easily meet the plausibility standard for stating a claim for relief. Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss; and in the alternative request leave to replead.

DATED: February 23, 2026.

                                           */s/ Marianne Dugan*
Marianne Dugan, OSB # 932563
Email: mdugan@cldc.org
Lauren Regan, OSB # 970878
Email: lregan@cldc.org
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette Street Ste 301 # 359
Eugene, OR 97401
Telephone: 541-687-9180

                                           Attorneys for Plaintiff